J.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 APR 17  PM 2: 28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS BELL,

                                    Plaintiff,

                -vs-                                             04-CV-00507C(SR)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

_____

Plaintiff Thomas Bell brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final determination of the Commissioner of Social Security ("the Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") benefits. Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

Plaintiff was born on October 28, 1945. He first filed an application for SSI on March 30, 1977, at the age of 31, alleging disability due to "mental depression" (Tr. 12).[1] This application was denied at the initial level based upon a determination by the New York State Office of Disability Determinations that plaintiff's alleged mental impairment was not severe. Plaintiff did not appeal from this determination (see Tr. 61, 62).

_____

[1]References preceded by "Tr." are to the page numbers in the transcript of the administrative record, submitted by the Commissioner as part of the answer (Item 7).

On September 15, 1989, plaintiff filed a second application for SSI benefits, alleging disability due to a "mental problem," drug addiction, and a left shoulder problem (Tr. 116-19).  This claim was denied at the initial level on January 9, 1990, and was not appealed further (Tr. 62).

Plaintiff reapplied for SSI a third time on March 15, 1994, alleging disability due to seizures, drug addiction, and alcoholism (Tr. 135-37, 141).  This application was denied initially (Tr. 138-41) and on reconsideration (Tr. 147-50).  Plaintiff requested a hearing, which was held on June 22, 1995 before Administrative Law Judge ("ALJ") Grenville W. Harrop, Jr.  Plaintiff appeared at the hearing, and was represented by counsel.  On September 21, 1995, ALJ Harrop issued a written decision denying plaintiff's claim (Tr. 360-68).  The ALJ found that plaintiff's illegal activities to support his drug use, including "hustling," begging, and stealing money, constituted substantial gainful activity under Social Security Ruling ("SSR") 94-1C and 20 C.F.R. § 416.974 (Tr. 363-64).  On April 16, 1996, the Appeals Council denied review (Tr. 373-74).

Subsequently, plaintiff's application was reopened pursuant to the Remedial Order in *Dixon v. Shalala*, 792 F. Supp. 942 (S.D.N.Y. 1992), *aff'd*, 54 F.3d 1019 (2d Cir. 1995) (the "Remedial Order").[2]  On August 25, 2000, ALJ Timothy McGuan determined that plaintiff was a member of the *Dixon* class, and was entitled to have the denial of his first application for SSI readjudicated (Tr. 58-63).

---

[2]*Dixon* was a class action brought on behalf of more than 200,000 claimants whose applications for benefits were denied on the basis of "systematic and covert misapplication of the disability regulations" concerning the severity of impairments.  Under the Remedial Order, SSI and SSDI (Social Security Disability Insurance) applicants who had their disability claims denied on this basis while residing in New York State between June 1976 and July 1983 were eligible for readjudication of their claims.

Accordingly, a new hearing was held on March 1, 2002 before ALJ Nancy Gregg (Tr. 16-41). Plaintiff testified at the hearing and was represented by counsel. On July 24, 2003, ALJ Gregg issued her decision finding that although plaintiff had a severe polysubstance (heroin, cocaine, and alcohol) addiction during the relevant period from March 1977 through August 1989, he was not disabled under the Social Security Act because he did not have any medically determinable impairments unrelated to his substance addiction which significantly limited his ability to perform basic work-related activities (Tr. 14-15). As the ALJ noted, under *Dixon* a presumption of non-disability arises if, absent evidence to the contrary, the claimant received a denial of benefits for any reason after July 19, 1983 on a disability claim subsequent to the one that formed the basis for class membership (Tr. 13-14). The ALJ found the rebuttable presumption of non-disability applicable in this case because plaintiff received denials on subsequent claims on January 17, 1990 and September 21, 1995. The ALJ then found that plaintiff had failed to rebut the presumption because, despite attempts to obtain records pertaining to his alleged mental impairment, no records were available (Tr. 14). Since plaintiff could not be found disabled based on substance abuse, and there is no evidence of any other medically determinable impairment, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act (Tr. 14-15).

On April 27, 2004, the Appeals Council denied review, making ALJ Gregg's decision the final decision of the Commissioner (Tr. 3-6). Plaintiff filed this action *pro se* on July 13, 2004, and the court subsequently assigned counsel to represent him in this matter.

Upon consideration of the matters set forth in the parties' motion papers, and upon review of the Commissioner's findings in light of the administrative record and the pertinent

Social Security Administration regulations and rulings, the court finds that the Commissioner's determination is supported by substantial evidence.

## DISCUSSION

### I.      Scope of Judicial Review

The Social Security Act states that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999). The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401. The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the

light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at \*2 (W.D.N.Y. March 20, 2000). The Commissioner's determination cannot be upheld when it is based on an erroneous view of the law that improperly disregards highly probative evidence. *Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (district court may set aside Commissioner's determination that claimant is not disabled only if factual findings are not supported by substantial evidence or if decision is based on legal error).

## II.   Readjudication Under *Dixon*

Under the Second Circuit's Remedial Order in *Dixon*, once a claimant has been deemed eligible for readjudication of a previous denial of his or her claim, the Social Security Administration ("SSA") is required to "make reasonable efforts to retrieve available, relevant administrative records for purposes of readjudicating the claims of class members." *Dixon v. Shalala*, 54 F.3d at 1034 (internal quotation and citation omitted). If pertinent records cannot be located, the SSA is instructed to apply certain rebuttable presumptions "which serve to reduce the number of plaintiffs whose claims must be readjudicated." *Id.* Of particular significance to this case, a class member whose records cannot be located will be presumed to be "*not* disabled" if he or she "received a denial or termination of benefits subsequent to the one that forms the basis of class membership . . . ." *Id.* at 1035.

ALJ Gregg found the rebuttable presumption of non-disability applicable in this case because no pertinent medical records for the period at issue could be located, and plaintiff

received denials on two claims made subsequent to denial of his original claim (*i.e.*, on January 17, 1990 and September 21, 1995; *see* Tr. 360-68). The ALJ also found that plaintiff had a severe drug and alcohol addiction during the relevant period, but noted that a finding of disability cannot be based on substance abuse (Tr. 14).

In this regard, the Social Security Act and implementing regulations provide that claimants are not entitled to SSI benefits if drug or alcohol use is a contributing factor material to the Commissioner's determination of disability. *See* 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935. The regulations provide the following specific guidelines for making the disability determination where there is evidence of substance abuse:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 416.935(b). It is the claimant's burden, and not the Commissioner's, to show that drug or alcohol abuse was not a contributing factor material to the disability. *Frederick v. Barnhart*, 317 F. Supp. 2d 286, 290 (W.D.N.Y. 2004) (citing *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003); other citations omitted).

Thus, in order to rebut the presumption of non-disability in this case, plaintiff had the burden to demonstrate that aside from his drug and alcohol addiction, he suffered from a "medically determinable physical or mental impairment" which "significantly limit[ed] his physical or mental ability to do basic work activities" during the March 1977 to August 1989 period. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.921. As ALJ Gregg found, plaintiff has not met this burden.

The ALJ noted that despite the Social Security Administration's attempts to obtain medical records for the pertinent period from plaintiff's treating sources, no such records exist (Tr.14). In fact, the only medical evidence in the record before the court having even marginal connection to the period at issue is a report of a consultative examination by Dr. A. J. Sachdev dated October 23, 1989, in which Dr. Sachdev stated that plaintiff had "a history of seizure disorder . . . , bad nerves and probably schizophrenia for which he is under the care of a psychiatrist," whose name plaintiff could not recall (Item 10, Ex. A). This report was submitted by plaintiff to the United States Attorney subsequent to the filing of the complaint in this action, and was not contained in the record reviewed by ALJ Gregg or the Appeals Council. Accordingly, this court may not consider the report as evidence in support of plaintiff's disability claim because plaintiff has shown neither good cause for his failure to present the evidence earlier, nor "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1998); *see also Foggie v. Barnhart*, 2005 WL 2260294, at *7 (S.D.N.Y. September 12, 2005).

The medical evidence in the record reviewed by the ALJ shows that plaintiff was admitted to Buffalo State Hospital on at least three occasions between 1966 and 1972

(*see, e.g.*, Tr. 340, 341 349, 351). His treating psychiatrists at the time repeatedly noted that he was drinking heavily, using drugs, and even smuggling in alcohol and drinking on the hospital ward (Tr. 350-53, 355). Discharge notes indicate that after a period of careful observation, his treating psychiatrists determined that he was "without mental disorder" (Tr. 337, 348) and should not be readmitted in the future absent clear evidence of a psychosis (Tr. 348-49, 350, 352, 355).

On June 25, 1994–after the relevant period–plaintiff was examined consultatively by Dr. Ramon K. Tan, a psychiatrist (Tr. 277-80). Dr. Tan reported that plaintiff had been hospitalized at the Buffalo Psychiatric Center six different times from 1969 to 1973. These events were prompted by depression, hallucinations, and paranoia, which occurred while plaintiff was drinking and using drugs (Tr. 278). Plaintiff had also participated in several inpatient and outpatient programs for drugs and alcohol, but was still drinking and using drugs. Upon mental status examination, Dr. Tan noted that plaintiff's thought process was cohesive, and his depression and anxiety were mild to moderate. He had no gross deficits in memory or orientation (Tr. 278). He had difficulty answering questions of general reference and doing simple calculations. Dr. Tan diagnosed continuous polysubstance dependence (heroin, cocaine, and alcohol), and paranoid history probably associated with alcohol and drug use (Tr. 279).

Sheehan Memorial Hospital records (Tr. 309-26) indicate that plaintiff was in Sheehan's substance abuse program from June 28 to July 26, 1994, and that plaintiff's use of drugs, including "cocaine–laced with PCP ha[d] increased to near daily use" (Tr. 309).

This evidence is clearly sufficient to allow a reasonable mind to accept the ALJ's conclusion that since plaintiff has not demonstrated that he suffered from a severe mental

impairment unrelated to drug and alcohol addiction during the period at issue, he has failed to rebut the presumption of non-disability under *Dixon.*

### III.   Commissioner's Duty To Develop the Record

Plaintiff contends in his motion for judgment on the pleadings that the ALJ made "[n]o apparent attempts" to more fully develop the record with respect to the period at issue, contrary to the duties outlined in the Social Security regulations. Item 14, p. 8. In this regard, the Second Circuit has held that "'the ALJ, unlike a judge in a trial, must [her]self affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Echevarria v. Secretary of HHS*, 685 F.2d 751, 755 (2d Cir. 1982)). This duty arises from the Commissioner's regulatory obligation, set forth at 20 C.F.R. § 404.1512(d)-(f), to "make every reasonable effort" to develop a complete medical record before making a disability determination, "and exists even when, as here, the claimant is represented by counsel." *Id.* (citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The record before the court reveals that the Social Security Administration sent written requests for medical records to Dr. Samuel B. Galeota (plaintiff's treating physician), the Erie County Medical Center, and the Buffalo Psychiatric Center, but no records were made available for the period at issue (*see* Tr. 82-87, 96-97). At the hearing, the ALJ asked plaintiff's counsel to submit a chronological summary of plaintiff's treatment and any additional medical records (Tr. 36, 40). Counsel obtained records from the New York State Department of Correction pertaining to plaintiff's various periods of incarceration (Tr. 102-11), but reported that she had been unable to obtain any other records (Tr. 102).

In this court's view, these efforts on the part of the ALJ and the Social Security Administration to obtain plaintiff's medical records comport with the duties set forth in the regulations at 29 C.F.R. § 404.1512(d)-(f). Simply stated, the regulations do not require the ALJ to take any further steps to acquire medical information about a claimant when it is clear from reasonable efforts that no such information is "readily available." 20 C.F.R. § 404.1512(e)(1); *see also* § 404.1512(e)(2) ("We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings."). Accordingly, the ALJ acted within the bounds of her regulatory duties by deciding the case based on the existing file, and finding that plaintiff failed to rebut the presumption of non-disability under *Dixon* (Tr. 14).

## IV.    Credibility

Finally, plaintiff contends that the ALJ erred by failing to make proper credibility findings in accordance with the requirements set forth in the regulations and Social Security Rulings. In this regard, the ALJ has the discretion to evaluate a claimant's credibility regarding the claimant's own description of his physical or mental impairments (or other subjective testimony about his symptoms, including pain), but that evaluation must be made in conjunction with an assessment of the medical evidence. *See McKiver v. Barnhart*, 2005 WL 2297383, at *14 (D.Conn. September 16, 2005) (citing *Mimms v. Hecker*, 750 F.2d 180, 186 (2d Cir. 1984)); *see also* 20 C.F.R. § 404.1529(a) (statements about pain or other symptoms will not alone establish disability; there must be medical signs and laboratory findings which show existence of medical impairment which could

-10-

reasonably be expected to produce symptoms alleged); Social Security Ruling ("SSR") 96-7P, 1996 WL 374186, at *1 (S.S.A.) ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.") Credibility findings are required only "[w]here there is conflicting evidence" about the impairment or symptoms alleged. *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999).

In this case, as discussed above, the ALJ properly assessed the available medical evidence in determining that plaintiff had failed to demonstrate the existence of a severe mental impairment unrelated to drug and alcohol addiction during the relevant period. Indeed, virtually every medical report in the record containing a diagnosis of plaintiff's condition found his problems to be associated with alcohol and drug use. Accordingly, in the absence of conflicting evidence, the ALJ was under no obligation to make a finding of credibility with respect to plaintiff's testimony about his alleged mental impairment.

## CONCLUSION

Based on the foregoing analysis, the court finds that the Commissioner's determination is supported by substantial evidence. The Commissioner's motion for judgment on the pleadings (Item 9) is granted. Plaintiff's cross-motion for judgment on the pleadings (Item 14) is denied.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

JOHN T. CURTIN
United States District Judge

Dated: 4/17 , 2006
p:\pending\2004\04-507.mar16.06